Case: 4:22-cv-00004
Assigned To : Nuffer, David
Assign. Date : 1/18/2022
Description: Grover v. Schilling

# ADDENDUM 1

Brock R. Belnap #6179
Washington County Attorney
Ryan J. Shaum #7622
Deputy Washington County Attorney
33 North 100 West #200
St. George, Utah 84770
(435) 634-5723

FIFTH DISTRICT COURT
WASHINGTON COUNTY, STATE OF UTAH

| STATE OF UTAH,<br>    Plaintiff, | AMENDED INFORMATION |
|---|---|
| vs.<br><br>ALVIE JARED GROVER,<br>DOB: ███████<br>███████████<br>St. George, UT 84770<br>    Defendant. | Criminal No. 171501618<br>OTN/Citation #:<br><br>Judge Eric A. Ludlow |

The undersigned has reason to believe that the Defendant committed the following offense(s):

**COUNT 1: THEFT OF PROPERTY (OPERABLE MOTOR VEHICLE)**, a second degree felony, in that the defendant exercised unauthorized control over the property of another, an operable motor vehicle, in violation of Sections 76-6-404 and 76-6-412(1)(a)(ii), Utah Code Annotated, 1953, as amended.

**COUNT 4: THEFT OF PROPERTY (OPERABLE MOTOR VEHICLE)**, a second degree felony, in that the defendant exercised unauthorized control over the property of another, an operable motor vehicle, in violation of Sections 76-6-404 and 76-6-412(1)(a)(ii), Utah Code Annotated, 1953, as amended.

**COUNT 5: CRIMINAL MISCHIEF**, a second degree felony, in that the defendant intentionally damaged, defaced, or destroyed the property of another, said property having a pecuniary value which is or exceeds $5,000.00, in violation of Section 76-6-106(2)(c)(3), Utah Code Annotated, 1953, as amended.

**COUNT 6: INJURING OR INTERFERING WITH A POLICE SERVICE ANIMAL**, a third degree felony, did intentionally cause bodily injury or death to a police service animal; engage in conduct likely to cause bodily injury or death to a police service animal; lay out, place, or administer any poison, trap, substance, or object which is likely to produce bodily injury or death to a police service animal; or offer or agree with one or more persons to engage in or cause the performance of an act which constitutes a violation of Utah Code Ann. § 76-9-306.

This Amended Information is accompanied by a statement of fact sufficient to support probable cause for the charged offense or offenses previoulsy filed by Steven Johnson of the Hurricane Police Department.

PLACE:     Washington County, State of Utah
DATE:      On or about August 29, 2017


Date: December 2, 2019          */s/ Ryan J. Shaum*
                                RYAN J. SHAUM
                                Deputy Washington County Attorney

Grover/Amended Information            2

# PROTECTED



**STATE OF UTAH**
**ADULT PROBATION AND PAROLE**
HURRICANE A.P.& P.
620 S 5300 W STE 247
HURRICANE, UT 84737
Telephone: (435) 634-2800

---

PRESENTENCE/POSTSENTENCE REPORT FULL-VERSION

Date Due: 01/15/2020
Sentencing Date: 01/21/2020

JUDGE ERIC A. LUDLOW, 5TH DISTRICT - ST. GEORGE COURT

| ST. GEORGE | WASHINGTON | ,UTAH |
|---|---|---|
| (CITY) | (COUNTY) | |

SIERRA SCHILLING, INVESTIGATOR

| | | | |
|---|---|---|---|
| NAME: | GROVER, ALVIE JARED | OFFENDER #: | 86863 |
| AKA'S: | ALVIE HAMMAN | PROS. ATTY: | ERIC GENTRY |
| | ALVIE LABASS | DEF. ATTY: | RYAN STOUT |
| ADDRESS: | WASHINGTON COUNTY JAIL | INTERPRETER: | NONE |
| | | LANGUAGE: | ENGLISH |
| | | CODEFENDANTS: | NONE |
| BIRTH DATE | 03/26/1962   AGE: 57 | | |
| MARITAL STATUS: | DIVORCED | | |

| COURT CASE | OFFENSE | JUDGEMENT | CONV DATE |
|---|---|---|---|
| 171501618 | 1 Ct(s) THEFT OF A FIREARM OR OPERABLE VEHICLE, SECOND DEGREE FELONY | GUILTY | 12/03/2019 |
| 171501618 | | GUILTY | 12/03/2019 |
| 171501618 | 1 Ct(s) THEFT OF A FIREARM OR OPERABLE VEHICLE, SECOND DEGREE FELONY | GUILTY | 12/03/2019 |
| 171501618 | 1 Ct(s) CRIMINAL MISCHIEF, SECOND DEGREE FELONY | GUILTY | 12/03/2019 |
| | 1 Ct(s) CAUSE INJURY/DEATH TO POLICE SERVICE ANIMAL, THIRD DEGREE FELONY | | |

## RECOMMENDATION:

**Utah Sentencing Guidelines:** Imprisonment

*Interstate Compact: If the defendant currently resides out of state, or later requests to reside out of state, they must abide by the terms of the Interstate Compact while under supervision. The rules apply to any offender with non-monetary conditions that require monitoring by AP&P, court, private, or county probation. Utah Code 77-28c.*

Offender # 86863        GROVER, ALVIE JARED                                                    CG DD 24



# BEFORE THE BOARD OF PARDONS AND PAROLE OF THE STATE OF UTAH

Consideration of the Status of    GROVER, ALVIE JARED                                    Offender # ▒▒▒▒

## SPECIAL ATTENTION REVIEW

After a review of the submitted information and good cause appearing, the Board makes the following decision and order:

| Results | Effective Date |
|---|---|
| 1. NO CHANGE | 10/15/2020 |

**Agreement Condition**

**Hearing Notes**
1. The Board of Pardons notes receipt of special attention report regarding Residential Substance Abuse Treatment self removal. NO CHANGE at this time.
NOTE: Mr. Grover is reminded his parole date is CONTINGENT upon Residential Substance Abuse Treatment completion and CAP compliance.

| No. | Crime | Sent | Case No. | Judge | Expiration |
|---|---|---|---|---|---|
| 1. | THEFT OF A FIREARM OR OPERABLE VEHICLE | 1 - 15 | 171501618 | LUDLOW | 08/29/2032 |
| 2. | THEFT OF A FIREARM OR OPERABLE VEHICLE | 1 - 15 | 171501618 | LUDLOW | 08/29/2047 |
| 3. | CRIMINAL MISCHIEF | 1 - 15 | 171501618 | LUDLOW | 08/29/2062 |
| 4. | CAUSE INJURY/DEATH TO POLICE SERVICE ANIMAL | 0 - 5 | 171501618 | LUDLOW | 08/29/2067 |

This decision is subject to review and modification by the Board of Pardons at any time until actual release from custody.

By order of the Board of Pardons of the State of Utah, I have this date 15th day of October, 2020, affixed my signature as Chair for and on behalf of the State of Utah Board of Pardons.

Sincerely,

*Carrie L. Cochran* (signature)

Carrie L. Cochran, Board Chair

NOTE TO THE COURT:

THIS DOCUMENT WILL HELP ILLISTRATE HOW MUCH THE PSI REALLY REFLECTS ON HOW DEEP OF AN IMPACT THE PSI HAS ON ALL OTHER LEGAL DOCUMENT GENERATED BY THE B.O.P.P., D.O.C. & AP&P AND ANY OTHER LAW ENFORCEMENT AGENIES.

ADDENDUM 1
DOCUMENTS

(1) AMENDED INFORMATION
CRIMINAL No. 171501618

(2) PRESENTENCE/POSTSENTENCE REPORT Full-VERSION (P.S.I.)
PAGE 1 (FRONT PAGE / COVER-SHEET)

THE Following TWO DOCUMENT IS THE FIRST RED FLAG THAT SHOULD BE LOOKED AT BY THIS COURT.

(1) AMENDED INFORMATION: LIST COUNTS 1 THROUGH COUNTS 4 AS TO THE EXACT CHARGES I PLED GUILTY TO IN 5TH DISTRICT COURT. & THESE ARE THE EXACT CHARGES I WAS SENT TO PRISON FOR.

(2) P.S.I. COVER SHEET: IF YOU LOOK AT THE CHARGES AP&P AGENT Schilling COMPILED ON HER PSI YOU WILL SEE THE FIRST RED FLAG AS TO THE NATURE OF DEPUTY Schilling ATTEMPT TO MISLEAD ANY NUMBER OF READERS.

THE PHRASE "THEFT OF A FIREARM OR OPERABLE VEHICLE" IS A MALICIOUS ATTEMPT BY DEPUTY Schilling TO MISLEAD THE READER.

THIS PHRASE Followed ME TO THE BOARD OF Pardons and Parole and is Listed ON ALL DOCUMENTS GENERATED

47

BY THE DEPARTMENT OF CORRECTIONS READ BY ALL.

I WOULD ASK CASEWORKERS, CASEMANAGERS, AP&P SHIFT LEADER & PAROLE AGENTS "WHAT EXACTLY AM I IN PRISON FOR?" THEY WOULD ALWAYS ANSWER WITH "THEFT OF A FIREARM OR OPERABLE VEHICLE." I THEN ALWAYS SAY "I KNOW, BUT WHAT AM I IN PRISON FOR? THEFT OF A FIREARM OR THEFT OF AN OPERABLE VEHICLE." THEY NEVER COULD OR NEVER WILL BE ABLE TO TELL ME DUE TO THE MISLEADING PHRASOLOGY WRITEN BY DEPUTY Schilling.

THE PHRASE "THEFT OF A FIREARM" MAKES LAW ENFORCEMENT THINK I AM, OR COULD BE, ARMED AND DANGEROUS WHICH COULD GET ME KILLED BY LAW ENFORCEMENT.

I HAVE NEVER BEEN CONVICTED OF A FIREARM CHARGE AND HAVE NO FIREARM CONVICTIONS ON MY CRIMINAL HISTORY. THAT IS UNTIL YOU READ DEPUTY Schilling's MISLEADING P.S.I.

(A SAD ATTEMPT TO GET ME KILLED BY LAW ENFORCEMENT.)

NEXT, I PLED GUILTY TO THE CHARGE: "INJURING OR INTERFERING WITH A POLICE SERVICE ANIMAL." BUT IF YOU READ DEPUTY Schilling's PSI I COMITTED THE

crime of "cause injury/death to a police service animal."

The charge I pled guilty to was not good enough for Deputy Schilling. She added the word "death" to her legal phrase, again to add that tramatic melodramatic montage to her P.S.I.

A truely sad attempt to mislead the reader (law enforcement) into thinking that I killed a K-9 with a stolen gun.

Note: I had one AP&P agent who after reading my PSI thought that I stole a gun and killed a police K-9.

So this is the first "red-flag" that I ask the court to look at.

When we get deeper into the PSI you will begain to see how twisted and wrong Deputy Schilling's P.S.I really is.

I'll simply start here....

But thats what you get when you let a sheriff deputy write a report wherein a injury in the same department is at the center of attention - EGREGIOUS -