THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALVIE J. GROVER,<br><br>          Plaintiff,<br><br>v.<br><br>SIERRA SCHILLING; RICHARD MORRIS; DAN BLANCHARD; and J. SCHULTZ,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER DENYING<br>(1) MOTION TO APPOINT COUNSEL,<br>(2) MOTION FOR REVIEW, AND<br>(3) MOTION FOR TIME ADJUSTMENT REVIEW**<br><br>Case No. 4:22-cv-00004-DN<br><br>District Judge David Nuffer |

On January 18, 2022, Plaintiff Alvie J. Grover filed a pro se complaint alleging claims for civil rights violations against Defendants.[1] That same day, Mr. Grover also filed three motions: (1) a Motion for Appointment of Counsel;[2] (2) a Motion for Review;[3] and (3) a Motion for Time Adjustment Review.[4]

"[T]here is no constitutional right to appointment of counsel in a civil case."[5] The district court does have discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for an *in forma pauperis* plaintiff.[6] But Mr. Grover did not file an application to proceed *in forma pauperis* in this case, and he has paid the filing fee associated with the case. Mr. Grover is not an *in forma*

---

[1] Civil Rights Complaint, docket no. 1, filed Jan. 18, 2022.

[2] Docket no. 2, filed Jan. 18, 2022.

[3] Docket no. 3, filed Jan. 18, 2022.

[4] Docket no. 4, filed Jan. 18, 2022.

[5] *Simon v. Grafton, Inc.*, No. CIV.A. 12-2796-JAR, 2013 WL 3580953, at *1 (D. Kan. July 12, 2013); *see also Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (unpublished); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[6] 28 U.S.C.A. § 1915(e)(1).

*pauperis* plaintiff. Therefore, 28 U.S.C. § 1915(e)(1) is inapplicable to Mr. Grover, and his Motion for Appointment of Counsel[7] is DENIED.

Mr. Grover's Motion for Review and Motion for Time Adjustment Review contain no requests for relief that may be granted at this time. In his Motion for Review, Mr. Grover asserts that he has a criminal appeal pending in Utah State Court (No. 20190357) pertaining to the same matters raised in his Complaint.[8] He then suggests that it may be appropriate to stay proceedings in this case due to his pending appeal.[9] But Mr. Grover does not request a stay. Mr. Grover also asserts that he has a separate federal case alleging civil rights violations (*Grover v. Washington County Sheriff's Office*, No. 4:21-cv-00086-DN (D. Utah)) in which appointment of counsel is pending.[10] He suggests that it may be appropriate to consolidate the two related cases and asks that the same counsel be appointed in this case.[11] But Mr. Grover does not request that the cases be consolidated or state legal reasons for consolidation and, as discussed, appointment of counsel in this case is not appropriate because Mr. Grover is not an *in forma pauperis* plaintiff. A motion seeking to consolidate the two cases, if appropriate, may be filed through Mr. Grover's counsel in the separate action.

Finally, Mr. Grover asserts in his Motion for Review and Motion for Time Adjustment Review that the filing of his Complaint was delayed due to quarantining and other issues relating to COVID-19.[12] Mr. Grover asks that his Complaint be deemed filed as of December 27, 2021,

---

[7] Docket no. 2, filed Jan. 18, 2022.

[8] Motion for Review at 3.

[9] *Id*.

[10] *Id*. at 4-5.

[11] *Id*.

[12] *Id*. at 5-6; Motion for Time Adjustment Review at 3-5.

the date on the check used to pay his filing fee.[13] This request is premature. The issue is more appropriately raised if or when the timeliness of Mr. Grover's Complaint is challenged. Therefore, Mr. Grover's Motion for Review[14] and Motion for Time Adjustment Review[15] are DENIED.

## ORDER

IT IS HEREBY ORDERED that:

(1) Mr. Grover's Motion for Appointment of Counsel[16] is DENIED;

(2) Mr. Grover's Motion for Review[17] is DENIED; and

(3) Mr. Grover's Motion for Time Adjustment Review[18] is DENIED.

Signed February 8, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[13] Motion for Review at 5-6; Motion for time Adjustment Review at 3-5.

[14] Docket no. 3, filed Jan. 18, 2022.

[15] Docket no. 4, filed Jan. 18, 2022.

[16] Docket no. 2, filed Jan. 18, 2022.

[17] Docket no. 3, filed Jan. 18, 2022.

[18] Docket no. 4, filed Jan. 18, 2022.