THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALVIE J. GROVER,<br><br>                Plaintiff,<br><br>v.<br><br>SIERRA SCHILLING; RICHARD MORRIS;<br>DAN BLANCHARD; and J. SCHULTZ,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 4:22-cv-00004-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Alvie J. Grover filed a pro se complaint on January 18, 2022, alleging claims for civil rights violations against Defendants ("Complaint").[1] The deadline for Plaintiff to serve Defendants with summons and his Complaint was April 18, 2022.[2] However, Plaintiff was granted two extensions of time to serve Defendants.[3] The combined effect of these extensions was to set August 16, 2022, as the deadline by which Plaintiff was required to effectuate service.[4] The extended deadline has now passed and, to date, Plaintiff has not effectuated service on Defendants.

Under FED. R. CIV. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . on its own after notice to the plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5]

---

[1] Civil Rights Complaint ("Complaint"), docket no. 1, filed Jan. 18, 2022.

[2] FED R. CIV. P. 4(m) (The deadline for service is "90 days after the complaint is filed.").

[3] Order Granting Extension of Time for Service, docket no. 7, filed Mar. 23, 2022; Order Granting in Part Motion for Extension of Time for Service, docket no. 9, filed June 15, 2022.

[4] Order Granting in Part Motion for Extension of Time for Service at 2.

[5] FED R. CIV. P. 4(m).

"But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[6]

On August 29, 2022, Plaintiff was ordered to show cause as why his Complaint should not be dismissed for failure to timely serve Defendants.[7] Plaintiff timely responded on September 9, 2022.[8] In his Response, Plaintiff requested additional time—"a few more months"—to obtain counsel and effectuate service on Defendants.[9] He asserts that he has been unable to serve Defendants because he lacks money and knowledge of the legal process.[10] He also asserts that he is homeless and has disabilities arising from a 2017 police shooting.[11] These are the same grounds Plaintiff asserted when he obtained the two extensions of the service deadline.[12]

Plaintiff's circumstances are certainly unfortunate and compelling. This is why he obtained two extensions of the service deadline.[13] But with his Response, Plaintiff fails to assert what actions, if any, he has taken to obtain counsel, or to effectuate service on Defendants in the eight months since filing his complaint. He also fails to indicate what actions he would take to obtain counsel, or to serve Defendants if the service deadline is further extended.

---

[6] *Id*.

[7] Order to Show Cause Re: Dismissal for Failure to Timely Serve Defendants, docket no. 11, filed Aug. 29, 2022.

[8] Response to Order to Show Case Re: Dismissal for Failure to Timely Serve Defendants ("Response"), docket no. 12, filed Sept. 9, 2022.

[9] *Id*. at 2.

[10] *Id*.

[11] *Id*.

[12] Motion for Extension of Time at 3, docket no. 6, filed Mar. 21, 2022; Motion for Extension of Time at 1, docket no. 8, filed June 10, 2022.

[13] Order Granting Extension of Time for Service at 1; Order Granting in Part Motion for Extension of Time for Service at 1.

Despite Plaintiff's circumstances, with reasonable diligence, the prior extensions of the service deadline afforded Plaintiff sufficient time and opportunity to serve Defendants. Plaintiff failed to do so. And he has failed to demonstrate sufficient good cause for further extension of the service deadline. Therefore, because Plaintiff failed to timely serve Defendants, his Complaint must be dismissed without prejudice.[14]

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Complaint and this action are DISMISSED without prejudice for failure to timely effectuate service.

The Clerk is directed to close the case.

Dated this 19th day of September, 2022.

BY THE COURT

_____
Howard C. Nielson, Jr.
United States District Judge

---

[14] FED R. CIV. P. 4(m).